NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 15, 2011
Decided December 2, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS AIRLINE DIVISION, | |
| *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern |
| No. 11-2856          v. | District of Wisconsin. |
| FRONTIER AIRLINES INCORPORATED and REPUBLIC AIRWAYS HOLDINGS INCORPORATED, | No. 2:10-cv-00203-LA |
| *Defendants-Appellants*. | Lynn Adelman, *Judge*. |

In a previous appeal in this case, 628 F.3d 402 (7th Cir. 2010), we affirmed the district court's injunction forbidding decertification of the Teamsters union, but directed that the injunction be modified to require the union to seek a determination, concerning the union's right to represent the workers in question, from the National Mediation Board, which has exclusive jurisdiction to resolve representation disputes in the airline industry. On remand, the district court entered a modified injunction in conformity with our directive. The union in response sought such a determination from the Board. At the Board's request, both sides submitted position papers to the Board. The union argued in its position paper that the Board lacks jurisdiction over its dispute with the airlines. That argument triggered a motion by the airlines that the district court vacate

the modified injunction, on the ground that in challenging the Board's jurisdiction the union was acting in bad faith.

In an order of July 29, 2011, the district court rejected the airlines' motion. The court acted properly. Should the Board decide that it lacks jurisdiction, thereby returning the dispute between the parties to the limbo that led us to modify the injunction, the airlines can seek relief in the district court. The appeal is thus premature. It should not have been filed.

Judge Adelman sensibly added: "if the National Mediation Board construes the union's position as a request for voluntary dismissal of the application and dismisses the application without resolving either the jurisdictional question or the merits and the union does not object to the Board's action, then I might have to reconsider whether the union has violated the injunction's condition." This was a proper warning to the union. No more is necessary at this time.

The judgment of the district court is AFFIRMED.